JOHN PIERSON, RESPONDENT, *v.* ERNST H. WERHAN, APPELLANT.

*Personal property — delivery of, need not be to vendee — delivery to third person, by vendee's direction, good.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial.

This was an action for the recovery of a balance on an account for milk sold and delivered. On the trial of the cause at the Circuit, the plaintiff introduced testimony tending to show that the milk was sold to the defendant, and consigned, by his direction, to a man named Hull. This was denied by the defendant, and his testimony and that of his witnesses tended to show that the milk was sold to Hull, and the contract of the defendant was one of suretyship only; and then it was claimed that the agreement of the defendant was to answer for the debt of Hull, and so void, under the statute of fraud—the same not being in writing.

In the submission of the case to the jury, the trial judge, in his charge, submitted these two theories, in the following language: " When a person buys property, buys it for himself, and directs its delivery to a third party, he is responsible just the same as if he had it delivered to himself. Thus, if Werhan bought the property for Hull, and ordered it to be delivered to Hull, but bought it upon his own credit and responsibility, he is a principal contractor, and Hull is not in the case at all; and Werhan is liable to pay, though Hull had the property by his direction, and though Hull had never paid anybody a cent."

" This presents to you the main question of fact in the case: Did Werhan buy this property for himself? If the contract was, that Blauvelt said, I will sell you (Hull) the milk, and that Werhan said, I will guarantee to be security that Hull pays, it is void, and you must find a verdict for the defendant. But if the milk agent, who had this business in charge, told Hull, I won't trust you; you must get somebody to be your security; if, thereupon, Hull introduced him to Werhan; if Werhan then, after trying to persuade him to sell Hull on credit, and, being refused, said that he

would buy the milk; you deliver the milk to Hull; then Werhan is liable, and your verdict must be for the plaintiff."

The court, at General Term, said: "The verdict was for the plaintiff, and we must assume, under this charge, the jury found the defendant purchased the milk, and ordered it delivered to Hull. Thus, then, we have the ordinary case of personal property, and a delivery under the contract. The only thing out of the usual order of business being that the property was not delivered to the purchaser. This is not material. It is not an essential requisite to the liability of a purchaser of personal property that the subject of the contract shall be delivered to him.

"It may be delivered to any one he directs, and yet his liability be preserved."

*Henry A. Meyenborg*, for the appellant.  *A. Buckingham*, for the respondent.

Opinion by DYKMAN, J.  GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.